IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHEN MARK HALL,<br>GDC ID 1178998,<br>    Plaintiff,<br><br>v.<br><br>BRIAN KEMP, et al.,<br>    Defendants. | CIVIL ACTION NO.<br>1:22-CV-143-JPB-CMS |

# **FINAL REPORT AND RECOMMENDATION**

Stephen Mark Hall is a state inmate who has filed multiple civil rights actions, primarily in the Southern District of Georgia (where he was previously incarcerated). *See* www.pacer.gov (last viewed Mar. 2, 2022; searched for "Hall, Stephen Mark"). *See also* [Doc. 1 at 1–5 (incomplete listing of prior cases)]. This civil action is one of two that Hall recently filed in the Northern District of Georgia following his transfer to Phillips State Prison. *See* [Doc. 1]; *see also Hall v. Bulloch Cty. Jail*, No. 1:22-cv-144-JPB-CMS (N.D. Ga. filed Jan. 12, 2022).

It is noteworthy that when Hall filed his complaint in this civil action, he neither paid the $402 due in case initiation fees, nor filed an application for permission to proceed in forma pauperis (with the required authorization for prison officials to deduct the full amount of the filing fee in installments from his inmate account). *See* 28 U.S.C. § 1915(b).

It is also noteworthy that Hall's complaint violates the Federal Rules of Civil Procedure, which limit joinder of multiple defendants in a single civil action. *See* Fed. R. Civ. P. 20(b). Specifically, Hall's complaint combines many claims that arise out of *different* transactions, occurrences, or series of transactions and occurrences and do *not* raise questions of law or fact common to all defendants. *See id.*; *see also* [Doc. 1]. For example, Hall has pled claims that relate to events that occurred variously at Phillips State Prison, Johnson State Prison, and Valdosta State Prison over the course of decades and involved many different people with respect to, inter alia, alleged use of excessive force, failure to protect, deliberate indifference to his serious medical and dental needs, unconstitutional conditions of confinement with respect to food quality and sleeping arrangements, delays in delivery of prison mail, lack of access to legal research resources, interference with his religious free exercise rights, and so on. This is a textbook example of improper joinder.

Moreover, it is often unclear from Hall's complaint where various events were alleged to have occurred, when specifically those events were alleged to have occurred, and which specific defendant(s) was/were alleged to have been involved in each separate event. For example, when Hall states that "Cert Officer Grady slammed my head into the shower wall in lockdown in J-1 using excessive force," [Doc. 1 at 9], he does not state when or at which prison this allegedly occurred.

Although courts are to give liberal construction to pleadings submitted by unrepresented litigants, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even unrepresented litigants are required to abide by the Federal Rules of Civil Procedure, *see, e.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Furthermore, in view of the likelihood that certain of Hall's older claims are time-barred and that Hall is at risk of accumulating additional "strikes" within the meaning of 28 U.S.C. § 1915(g) that would restrict his ability to proceed in forma pauperis (IFP) in new civil actions if he were to file another complaint or appeal that is frivolous, malicious, or fails to state a claim upon which relief may be granted, *cf.* Final Report and Recommendation *in Hall v. Bulloch Cty. Jail*, No. 1:22-cv-144-JPB-CMS (N.D. Ga. Mar. 3, 2022), Hall may wish to drop some, many, or all of the claims he included in his complaint in this civil action.

In any event, it is Hall's responsibility (and not the Court's) to disentangle claims that he has improperly combined in a single complaint and to present them (if at all) in separate complaints. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants" and "'the Constitution [does not] require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course.'") (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984)).

Because Hall did not pay the case initiation fees due or apply for permission to proceed IFP (and submit an authorization permitting this Court to deduct the filing fee from his inmate account) and because it is his responsibility to unpack his claims against various defendants into separate complaints, I **RECOMMEND** that this civil action be **DISMISSED WITHOUT PREJUDICE**.[1]  Should he choose to do so, Hall will then be able to refile any claims he still wishes to pursue once he has sorted them so that any new complaints comply with the Federal Rules of Civil Procedure.

I **DIRECT** the Clerk to terminate the referral of this civil action to me.

**SO REPORTED, RECOMMENDED, AND DIRECTED**, this 3rd day of March, 2022.

*/s/ Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

[1] Had Hall already authorized deduction of the filing fee from his inmate account, I would have recommended that he be directed to file an amended complaint in this civil action limited to claims that are properly joined together under the Federal Rules of Civil Procedure and that he be directed to file in separate civil actions (subject to payment of or authorization to collect additional filing fees) for any other claims he still wishes to pursue.